**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

MATTALEN SIMPSON         )
                                    )
      Plaintiff,           )      Case No. _____
                                      )
      V.                  )
                                    )
CORECIVIC, INC.; CORECIVIC    )      JURY TRIAL DEMANDED
OF TENNESSEE, LLC           )
                                    )
      Defendants.        )

---

## COMPLAINT

---

<u>PARTIES TO THIS ACTION</u>

1.    Plaintiff Mattalen Simpson ("Plaintiff") is a citizen and resident of Davidson County and is a former employee of Defendant. Plaintiff is an African-American female.

2.    Defendant CoreCivic, Inc. is a corporation organized under the laws of the State of Maryland and at all relevant times was Plaintiff's employer.

3.    Defendant CoreCivic of Tennessee, LLC is a Limited Liability Company organized under the laws of the State of Tennessee and at all relevant times was a co-employer of Plaintiff along with CoreCivic, Inc. (hereinafter, CoreCivic Inc. and CoreCivic of Tennessee LLC shall be referred to jointly as "Core Civic".)

4.    This is an action for damages and equitable relief for unlawful employment practices brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"), as well as violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

5. At all relevant times, Core Civic employed more than five hundred (500) employees.

<u>JURISDICTION AND VENUE</u>

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343.

7. Venue is proper pursuant to 28 U.S.C. §1391(b) because the acts giving rise to this complaint occurred in an area embraced within the Middle District of Tennessee and both Defendants reside in this judicial district.

8. Plaintiff has complied with all conditions precedent to the filing of her claims pursuant to 42 U.S.C. § 2000e, to wit, a timely Charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the last Title VII violation. The EEOC issued a Right to Sue Notice on August 21, 2018 that plaintiff received on August 28, 2018. A copy of the Notice of Right to Sue is attached hereto as Exhibit A.

<u>FACTS</u>

9. Plaintiff became employed by Defendant in approximately 2012 as a Master Scheduler at a location in Texas, earning $19.00+ per hour.

10. Sometime in mid-2016, Core Civic's Human Resources Department contacted Plaintiff and asked whether she would be willing to move to open a new location to operate in Hartsville, Tennessee, which would house approximately 2,500 male inmates.

11. Plaintiff's goal was to move to the Facility Support Center ("FSC") in Nashville where she would have greater opportunities. She thought by moving to Tennessee she would have the opportunity to meet more people at the FSC and increase her chances of obtaining a better position. Therefore, she agreed to uproot her two (2) children, ages 5 and 7, and relocate to Tennessee.

12.     In June 2016 Plaintiff began working at Trousdale-Turner Correctional Facility ("TTCF") in Hartsville as a Master Scheduler.

13.     Plaintiff adequately and competently performed the duties of her position.

14.     In August 2017 a new warden named Russell Washburn came to TTCF. Russell Washburn is a white male.

15.     Upon information and belief, when Washburn learned the hourly rate that Plaintiff, a Black Female, was earning, Washburn made statements that Plaintiff was getting paid too much.

16.     Up until that time, the Master Scheduler worked under the supervision of the Assistant Warden or Chief.

17.     Washburn changed the reporting structure so that Plaintiff's position reported to him.

18.     Washburn told Plaintiff that he was going to have the Lieutenants and Captains email him every alleged mistake she made, and if he did not feel she was qualified to do the job, he would get rid of her, despite the fact that she had been successfully performing the job for other wardens for almost five (5) years.

19.     Washburn changed Plaintiff's job duties and added many additional duties to make her job more difficult.

20.     Plaintiff had to start taking her work home to get all of it finished. However, she could not report those hours because Washburn told her she could not have overtime.

21.     When she had reported overtime Washburn sent her an email telling her that she was not allowed overtime and said she had to justify it.

22.     White employees were permitted to have overtime without harassment or justification to the same degree as Plaintiff.

23.     It was reported to Plaintiff that Washburn stated, "I am going to get her m****
f****in ass out of here."

24.     Plaintiff was advised by other employees to "watch her back."

25.     Washburn watched every move Plaintiff made and tried to find any reason to
discipline her.

26.     Prior to Washburn coming to the facility, Plaintiff had not been written up.

27.     Washburn tried to have Plaintiff written up for not covering a hospital case that
she did in fact cover.  This was a pretext to create a disciplinary record against Plaintiff.  Washburn
was later forced to admit she had done nothing wrong.

28.     On another occasion Plaintiff advised management that she had insufficient
employees available to staff a Saturday shift, but was told to "figure it out" without letting any of
the officers go over their hours and into overtime. One of the captains agreed to let an officer out
early on Friday so he could return to work the Saturday shift within his allowed hours; however,
the captain did not do so and the officer went over his hours.  Plaintiff was nevertheless written up
for this as if it were her fault.  This was a pretext to create a disciplinary record against Plaintiff.

29.     When Plaintiff tried to reach out to get more staff, Washburn told her that if she
reaches out again, "we are going to have problems."

30.     Washburn forbid her from reaching out to anyone in FSC and told her she could
only go through him.

31.     When Plaintiff tried to talk to Washburn, he derided her and told her that if she
felt she couldn't do the job then she should find something she can handle.

32.     In October 2017 Plaintiff began making complaints to the Ethics Department.

33.     No action was ever taken on Plaintiff's complaints.

34.     Plaintiff also complained to Human Resources on multiple occasions, but no action was ever taken.

35.     On one occasion, Plaintiff mistakenly put an officer on the roster who was not supposed to be working.

36.     As a result of this single mistake, on January 2, 2018 Washburn discriminatorily demoted Plaintiff to a Clerk position.

37.     As a result of her demotion, Plaintiff's wage was reduced from $23.00/hour to $10.00/hour.

38.     Plaintiff filed a grievance regarding her demotion, but no action was ever taken and no hearing was held.

39.     Plaintiff was forced to resign from her position at the end of January because of the intolerable conditions created by Defendants' racial harassment and discrimination and because Plaintiff could not afford to support her two (2) children on the meager wage Washburn allowed her.

40.     Plaintiff was replaced by a white female.

41.     Plaintiff intended to apply for a position at the FSC, but when she inquired there she learned that she had been deemed "not eligible for rehire" by Washburn and others thereby precluding her from obtaining any other job at Core Civic.


COUNT I
TITLE VII
29 U.S.C. § 2000e, et seq.

42.     Plaintiff incorporates by reference paragraphs 1 through 41 as though fully set forth herein at length.

43.     Plaintiff was subjected to discrimination in the terms and conditions of her employment, based upon her race.

44.     Plaintiff was improperly disciplined and demoted as a result of her race.

45.     Plaintiff was constructively discharged as a result of her race.

46.     Defendant's actions were willful, wanton and malicious, and demonstrated a reckless disregard for Plaintiff's rights.

47.     As a result of Defendants' discriminatory actions, Plaintiff has suffered loss of employment, lost wages, emotional distress, and she is entitled to recover damages including compensatory damages, back wages, front wages, punitive damages, attorney's fees and costs.


COUNT II
TITLE VII – RETALIATION
29 U.S.C. § 2000e

48.     Plaintiff incorporates by reference paragraphs 1 through 47 as though fully set forth herein at length.

49.     Plaintiff engaged in protected activity by opposing Defendants' discriminatory misconduct.

50.     Plaintiff's exercise of protected activity was known to the Defendants.

51.     Defendants thereafter took adverse employment actions against Plaintiff, including without limitation harassing her, demoting her in position, reducing her pay, and constructively discharging her from employment.

52.     A causal connection existed between the Plaintiff's protected activity and the adverse employment actions alleged above.

53.     As a result of Defendants' retaliatory actions, Plaintiff has suffered loss of employment, lost wages, emotional distress, and she is entitled to recover damages including compensatory damages, back wages, front wages, punitive damages, attorney's fees and costs.

## COUNT III
### 42 U.S.C. § 1981

54.     Plaintiff incorporates by reference paragraphs 1 through 53 as though fully set forth herein at length.

55.     Defendant discriminated against Plaintiff in the terms, conditions and privileges of employment and discharged her from employment based upon her race, in violation of Section 1981.

56.     As a result of Defendants' discriminatory actions, Plaintiff has suffered loss of employment, lost wages, emotional distress, and she is entitled to recover damages including compensatory damages, back wages, front wages, punitive damages, attorney's fees and costs.

## COUNT IV
### FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 et seq.

57.     Plaintiff incorporates by reference paragraphs 1 through 56 as though fully set forth herein at length.

58.     Plaintiff is an "employee" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. and was engaged in the production of goods or services for commerce while employed by Defendant.

59.      Defendants CoreCivic Inc. and CoreCivic of Tennessee, LLC separately are each an "enterprise engaged in commerce" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

60.     On many occasions, Plaintiff worked more than forty (40) hours in a week in order to accomplish all tasks required of her by Washburn.

61.     Washburn refused to permit Plaintiff to receive overtime pay.

62.     Plaintiff was unlawfully denied overtime compensation under the Fair Labor Standards Act.

63.     Plaintiff was at all times a non-exempt employee entitled to overtime pay for those hours worked in excess of forty in any given workweek.

64.     Defendant's violations were willful and deliberate.

65.     As a result of Defendant's actions, Plaintiff is entitled to recover damages including back wages, liquidated damages, attorney's fees and costs.

**WHEREFORE** Plaintiff respectfully requests judgment in her favor and specifically:

1. A jury trial on all claims triable to a jury.

2. Compensatory damages;

3. Back pay and damages for lost benefits;

4. Reinstatement or Front pay in lieu of same;

5. Liquidated damages;

6. Punitive damages;

7. Attorney's fees and expenses;

8. Prejudgment interest and, if applicable, post-judgment interest;

9. Injunctive relief prohibiting Defendants from discriminating and retaliating against other employees; and

10. Such other legal or equitable relief to which she may be entitled.

**SUE PALMER & ASSOCIATES PLLC**

By:    /s/ Susan M. Palmer

Susan M. Palmer
301 Demonbreun Street, #805
Nashville, TN 37201
(615) 927-0498
(610) 592-0055 (Fax)
sue@suepalmerlaw.com

**Plaintiff demands a trial by jury on all claims so triable.**

By:    /s/ Susan M. Palmer

Susan M. Palmer
301 Demonbreun Street, #805
Nashville, TN 37201
(615) 927-0498
(610) 592-0055 (Fax)
sue@suepalmerlaw.com